Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
6140 Stoneridge Mall Rd #250
Pleasanton,CA 94588-4588
(925) 621- 1900
13trustee@oak13.com


Trustee for Debtor(s)

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

**In re**

**Maria Jerelina Hutchinson**



Debtor

**Chapter 13 Case No. 13-44509-RLE13**

Chapter 13 Trustee's Objection to
Confirmation of Chapter 13 Plan and
Motion to Dismiss Chapter 13 Case

| Plan Objection Information |
|---|

Trustee Objects To:  Chapter 13 Plan
Dated: 08/06/2013
Filed: August 08, 2013
Docket#: 9

| Motion To Dismiss Information |
|---|

☐ Trustee Seeks To Dismiss the Case          ☑ Trustee Does Not Seek to Dismiss the Case

**(See II. Motion To Dismiss Below)**

| Case Information |
|---|

Petition Filed: August 05, 2013          Attorney Name: NATHAN D BORRIS ATTY

| I. Objection |
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the
Chapter 13 Plan on the following grounds:

## (A.) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: Debtor relies on outside support to bolster her income. No declaration from the provider of this support has been filed.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☑ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts: Section 2.05 provides for a claim by Ford Motor Credit to be paid in the plan but does not provide a monthly payment. An attachment to the plan provides for a Motion to Value. This is not the correct place for this language and debt. The debt should be in Section 2.05 in the second box "Reduction in Collateral Value".

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐ (7) The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐    (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐    (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐    (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐    (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐    (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐    (14) Other:

Facts:

## (B) 11 U.S.C. 1325 (b)(1) Disposable Income

☑    (15) The plan does not provide for all of the Debtor's projected disposable income to be applied to unsecured creditors under the plan.

Facts: The debtor has taken a deduction for telecommunications on line 37 of the Form B22C but has failed to provide a declaration supporting this deduction.  The debtor has taken a deduction on line 47 of the B22C of $325.  There is no corresponding treatment of this amount in the plan or schedules.

## (C) Local Rules

☐    (16) Debtor  failed to file, serve and set a motion to value collateral or failed to obtain the motion to value order.

Facts:

☐ (17) Debtor failed to utilize the standard form Chapter 13 Plan effective 08/01/2013.


Facts:

☐ (18) The plan provides for the payments of fees in excess of the fixed compensation allowed by the Oakland Division Fee Guidelines.

Facts:

☐ (19) Other Once an amended plan is filed it must be served on all creditors with 21 days notice and opportunity to object.
Facts:

## II. Motion to Dismiss Chapter 13 Case

The Trustee seeks dismissal of the Chapter 13 Petition on the following grounds:

☐ (1) Payments to the Trustee are not current under the Debtor(s) proposed plan. [11 U.S.C.§1307(c)(1), (4) and/or (c) (6)]

Facts:

☐ (2) Unreasonable delay by the Debtor that is prejudicial to creditors. [11 U.S.C.§ 1307(c)(1)]


Facts:

☐ (3) Failure to file or provide documents to the Trustee as required by 11 U.C.S.§ 521(a)(1), (3), or (4). [11 U.S.C.§ 1307 (c); 11 U.S.C. 521

Facts:

☐ (4) Cause: Failure to file tax return .

Facts:

☐ (5) Failure to confirm a Chapter 13 Plan. 11 U.S.C§ [1307(c)(1), (3)]


Facts:

☐ (6) Other:

Facts:

## Other Documents Filed Concurrently Herewith

☐ Other:

## III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts.

☐ Other:

---

**WHEREFORE,** the Trustee requests:

☐ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed.

Such other and further relief as the court deems proper.

Date: 9/3/2013

/s/ Martha G Bronitsky
Martha G Bronitsky
Chapter 13 Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 03, 2013                    /s/ Lydia Santiago
                                            _____
                                            Lydia Santiago

Maria Jerelina Hutchinson                   Nathan D Borris Atty
18089 Redwood Road                          21550 Foothill Blvd
Castro Valley,CA 94546                      Hayward,CA 94541

Debtor                                      (Counsel for Debtor)